UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUAN CARLOS GIL,

    Plaintiff,

v.

KEY BISCAYNE RETAIL
CONDOMINIUM ASSOCIATION, INC.,
KEY BISCAYNE SHOPPING CENTER
JOINT VENTURE, WINN DIXIE STORES,
INC. D/B/A WINN DIXIE STORE #318, and
THE CONCRETE LAB, LLC D/B/A
ARTISAN KITCHEN AND BAR,

    Defendants
_____/

## COMPLAINT

Plaintiff, JUAN CARLOS GIL, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, WINN DIXIE STORES, INC. D/B/A WINN DIXIE STORE #318, and THE CONCRETE LAB, LLC D/B/A ARTISAN KITCHEN AND BAR, and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, residing in Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., was and is a Florida Not for Profit Corporation, with its principal place of business in Miami, Florida.

6. At all times material, Defendant, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., owned and operated a commercial shopping center at 604 Crandon Boulevard, Key Biscayne, Florida 33149 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Key Biscayne, Florida. Defendant, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION holds itself out to the public as "Key Biscayne Shopping Center."

7. At all times material, Defendant, KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, was and is a Florida General Partnership, with its principal place of business in Miami, Florida.

8. At all times material, Defendant, KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, owned and operated a commercial shopping center at 604 Crandon Boulevard, Key Biscayne, Florida 33149 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Key Biscayne, Florida. Defendant, KEY BISCAYNE SHOPPING CENTER JOINT VENTURE holds itself out to the public as "Key Biscayne Shopping Center."

9. At all times material, Defendant, WINN DIXIE STORES, INC. D/B/A WINN

DIXIE STORE #318, was and is a Florida Profit Corporation, with its principal place of business in Jacksonville, Florida.

10. At all times material, Defendant, WINN DIXIE STORES, INC. D/B/A WINN DIXIE STORE #318, owned and operated a commercial grocery store located at 604 Crandon Boulevard, Key Biscayne, Florida 33149 [1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Key Biscayne, Florida. Defendant, WINN DIXIE STORES, INC. holds itself out to the public as "Winn-Dixie."

11. At all times material, Defendant, THE CONCRETE LAB, LLC D/B/A ARTISAN KITCHEN AND BAR, was and is a Florida Limited Liability Company, with its principal place of business in Key Biscayne, Florida.

12. At all times material, Defendant, THE CONCRETE LAB, LLC D/B/A ARTISAN KITCHEN AND BAR, owned and operated a commercial restaurant at 658 Crandon Boulevard, Key Biscayne, Florida 33149 [2] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Key Biscayne, Florida. Defendant, THE CONCRETE LAB, LLC D/B/A ARTISAN KITCHEN AND BAR, holds itself out to the public as "Artisan Kitchen and Bar".

13. Venue is properly located in the Southern District of Florida because Defendants' shopping center and the properties within are located in Miami-Dade County, Florida, and Defendants regularly conduct business within Miami-Dade County, Florida, and because a

---

[1] This address is located within the commercial shopping center and place of public accommodation at 604 Crandon Boulevard, Key Biscayne, Florida 33149 owned and operated by landlord Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC. and KEY BISCAYNE SHOPPING CENTER JOINT VENTURE.

[2] This address is located within the commercial shopping center and place of public accommodation at 604 Crandon Boulevard, Key Biscayne, Florida 33149 owned and operated by landlord Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC. and KEY BISCAYNE SHOPPING CENTER JOINT VENTURE.

substantial part of the events or omissions giving rise to this claim occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

14. Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

15. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business(es).

16. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

17. Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JUAN CARLOS GIL, is substantially limited in major life activities due to his impairment and requires the use of a wheelchair to ambulate.

18. Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC. and KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, own, operate and oversee the Commercial Property, its general parking lot and parking spots.

19. The subject Commercial property is open to the public and is located in Key Biscayne, Florida.

20. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about March 31, 2022, encountering

multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately nine (9) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint, specifically on or before September 1st, 2022.

21. Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his residence and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint, specifically on or before September 1st, 2022.

22. The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

23. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation

of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JUAN CARLOS GIL, and others similarly situated.

24.     Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, WINN DIXIE STORES, INC. D/B/A WINN DIXIE STORE #318, and THE CONCRETE LAB, LLC D/B/A ARTISAN KITCHEN AND BAR, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, WINN DIXIE STORES, INC. D/B/A WINN DIXIE STORE #318, and THE CONCRETE LAB, LLC D/B/A ARTISAN KITCHEN AND BAR, are responsible for complying with the obligations of the ADA. The places of public accommodation that Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, WINN DIXIE STORES, INC. D/B/A WINN DIXIE STORE #318, and THE CONCRETE LAB, LLC D/B/A ARTISAN KITCHEN AND BAR,, own and/or operate the Commercial Property Businesses at are located at 604-658 Crandon Boulevard, Key Biscayne, Florida 33149.

25.     Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through III of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation

of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

26. Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC. and KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, as landlords and owners of the Commercial Property Businesses are responsible for all ADA violations listed in this Complaint. Defendants, WINN DIXIE STORES, INC. D/B/A WINN DIXIE STORE #318, and THE CONCRETE LAB, LLC D/B/A ARTISAN KITCHEN AND BAR, as tenants and owners and/or operators of the businesses within the Commercial Property, are jointly and severally responsible and liable for all ADA violations listed in this Complaint.

27. Defendants have discriminated against the individual Plaintiff by denying his access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS AS TO EXTERIOR FOR DEFENDANTS, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC. AND KEY BISCAYNE SHOPPING CENTER JOINT VENTURE**

28. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

29. Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION and KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Parking</u>

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope, violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards.

ii. The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty accessing the facility, as there are sections without designated accessible parking spaces. Violation: Accessible parking spaces are not dispersed and located closest to accessible entrances, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive.

      Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the facility is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v. The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff had difficulty traversing the path of travel, as there are wide openings on

ground surfaces. Violation: There are inaccessible routes with openings more than ½". These are violations of the requirements in Section 4.5.4 of the ADAAG and Section 302.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT II - ADA VIOLATIONS AS TO INTERIOR FOR DEFENDANTS, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, and WINN DIXIE STORES, INC.

30. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

31. Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, KEY BISCAYNE SHOPPING CENTER JOINT VENTURE INC. and WINN DIXIE STORES, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Access to Goods and Services

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not reach the ticket dispenser, as it is mounted too high. Violation: There

    are self-service areas with elements that are outside of the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.

  B. <u>Public Restrooms</u>

i. The Plaintiff had difficulty using the urinals, as the required clear floor space is not provided. Violation: There are urinals provided for public use that do not comply with the standards set forth in Sections 4.2.4 & 4.18.3 of the ADAAG and Sections 305.3 & 605.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using the urinals as the rims are mounted too high. Violation: There are urinals provided for public use that do not comply with the standards set forth in Section 4.18.2 of the ADAAG and Section 605.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections

    4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not use the lavatory without assistance, as the required knee clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306.3 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The Plaintiff had difficulty using the paper towels due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by

persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

### COUNT III - ADA VIOLATIONS AS TO INTERIOR FOR DEFENDANTS, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, and THE CONCRETE LAB, LLC

32. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

33. Defendants, KEY BISCAYNE RETAIL CONDOMINIUM ASSOCIATION, INC., KEY BISCAYNE SHOPPING CENTER JOINT VENTURE, and THE CONCRETE LAB, LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Access to Goods and Services

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

ii. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided due to objects that obstruct the clear floor space. Violation: The restroom door does not provide the required latch side clearance due to a lack of

      maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### RELIEF SOUGHT AND THE BASIS

34. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JUAN CARLOS GIL, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically

present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

35. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the businesses within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan.

36. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

38. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

39. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

40. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located 604-658 Crandon Boulevard, Key Biscayne, Florida 33149, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily

accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, Plaintiff, JUAN CARLOS GIL, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 20, 2022.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
dperaza@lawgmp.com

By:   /s/ *Anthony J. Perez*
          ANTHONY J. PEREZ